**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LING GONG,<br><br>                    Petitioner,<br><br>        v.<br><br>LUIS SOTO, *et al.*,<br><br>                    Respondents. | Civil Action No. 26-4759 (JXN)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Ling Gong's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention (ECF No. 1), and the parties' Motions to Seal (ECF Nos. 12, 13). Respondents filed an opposition to the Petition (ECF No. 10), and Petitioner replied (ECF No. 11). The Court has considered the parties' submissions in support of and opposition to the Petition and decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Petition is **DENIED**.

I.      **BACKGROUND**

Petitioner, a native of the People's Republic of China ("PRC"), was admitted to the United States on or about December 26, 2013, on a non-immigrant, visitor's (B-2) visa. (ECF No. 10 at 2; *see* ECF No. 10-1 at 2.) Petitioner was authorized to remain in the United States for a temporary period not to exceed June 25, 2014. (ECF No. 10-1 at 2.) Petitioner remained in the United States beyond June 24, 2014, without authorization. (ECF No. 1 ¶ 2.) On or about September 10, 2014,

the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear and charged him as removable under 8 U.S.C. § 1227(a)(1)(B). (*Id.* ¶ 3.)

Petitioner filed applications for asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), and under Article 3 of the Convention Against Torture ("CAT").[1] (*Id.* ¶ 4.) On or about June 9, 2015, the Public Security Bureau of Shanghai City Baoshan Branch issued a warrant for Petitioner's arrest for committing a fraudulent contract. (ECF No. 10-2.) Thereafter, an Interpol Red Notice was issued for Petitioner. (ECF No. 10-3.)

On or about October 30, 2018, the IJ granted Petitioner's application for withholding of removal to the PRC.[2] (ECF No. 10-4.) DHS appealed Petitioner's grant of withholding of removal. (ECF No. 10 at 2.) On or about August 30, 2021, the Board of Immigration Appeals ("BIA") sustained DHS's appeal, vacated the IJ's grant of withholding of removal, denied Petitioner's application for withholding of removal, and ordered Petitioner removed to PRC. (*Id.*; *see* ECF No. 10-5.) The BIA also denied Petitioner's motion to remand. (*Id.*) Petitioner filed a Petition for Review ("PFR") with the Second Circuit Court of Appeals. (*Id.*) On February 27, 2024, the Second Circuit denied the Petitioner's PFR and vacated the stay of removal. (*See* ECF No. 10-6.)

On April 21, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner pursuant to a Form I-205 Warrant of Removal/Deportation. (*See* ECF No. 10-7.) On April 29, 2026, Petitioner filed the instant Petition, arguing that (1) 8 U.S.C. § 1225(b)(2) does not apply to Petitioner as he has been residing in the United States, and (2) his continued detention under 8 U.S.C. § 1231(a) violates his due process rights. (*See* ECF No. 1). Respondents filed a

---

[1] Petitioner submits that his wife and their children also applied for asylum and withholding and Petitioner's wife and two children were granting political asylum. (ECF No. 1 ¶¶ 4-5.)

[2] The IJ denied Petitioner's application for asylum. (*See* ECF No. 1 ¶ 6; *see also* ECF No. 10-4.)

response arguing that Petitioner is lawfully detained under 8 U.S.C. § 1231(a) based on his final order of removal. (ECF No. 10.) Petitioner replied. (ECF No. 11.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    DISCUSSION

In his Petition, Petitioner argues that he cannot be lawfully detained under 8 U.S.C. § 1225(b)(2). (*See generally* ECF No. 1.) Alternatively, Petitioner argues that detention under 8 U.S.C. § 1231(a) can no longer be mandatory and violates his due process rights. (*See id.*) In response, Respondents submit that Petitioner is not detained under 8 U.S.C. § 1225(b)(2), rather he is detained under 8 U.S.C. § 1231(a) pursuant to a final order of removal. (*See generally* ECF No. 5.) In his reply brief, Petitioner argues that his 90-day mandatory detention "removal period" under §1231(a) has expired and Respondents must release him on supervised release as the date of his removal is not certain. (*See generally* ECF No. 11.)

The record establishes that Petitioner has been subject to a final order of removal since February 27, 2024, when the Second Circuit denied the Petitioner's PFR and vacated the stay of

removal. (*See* ECF No. 10-6.) Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted))

The removal period begins on the latest of the following:

(i)    The date the order of removal becomes administratively final.

(ii)   If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.

(iii)  If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Here, Petitioner's 90-day mandatory "removal period" began when the Second Circuit lifted the stay of his removal and denied his PFR on February 27, 2024. 8 U.S.C. § 1231(a)(1)(B)(ii).

ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where . . . there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701). In *Zadvydas,* the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable. 533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention).

4

Petitioner's detention—measured from when ICE took him into custody on April 21, 2026—falls far short of six months, rendering his claim premature.

Additionally, Petitioner "has not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future, and he therefore cannot show that his continued detention under § 1231(a) is unlawful." *Calle Guaman v. Soto, et al.*, No. 26-1783, 2026 WL 811353, at *2 (D.N.J. Mar. 24, 2026). Petitioner argues that Respondents took no action to remove him between his February 27, 2024 final order of removal and his April 21, 2006 arrest by ICE. However, Respondents have provided a Declaration from Crystal V. Harris ("Harris"), Deportation Officer with DHS, ICE, Enforcement and Removal Operations ("ERO"), New York Field Office, in which she declares that since Petitioner's detention, ICE-ERO has been "working on obtaining a travel document for Petitioner." (ECF No. 10-8 ¶ 13.) On May 7, 2026, Petitioner was asked whether he had travel documents and was provided an application to obtain them. (*Id.* ¶ 14.) On May 11, 2026, Petitioner indicated that he "told his spouse to locate his passport." (*Id.* ¶ 15.) The Declaration from Harris submits that once a travel document is obtained and the Court lifts the no transfer order, ICE-ERO will work to effectuate Petitioner's Removal. (*Id.* ¶ 16.) Additionally, although Petitioner argues that he can "buy his own airline ticket to effectuate his removal" and he is "cooperating with ICE/ERO by asking his wife to get his passport," those arguments do not make a showing that it is not likely that Respondents will remove him in the reasonably foreseeable future. Petitioner has failed to overcome the six-month presumption of reasonableness for his post-removal-order detention.

In his Petition, Petitioner also challenges the decision to detain him, arguing that, without a custody re-determination hearing, the decision was arbitrary and capricious under the Administrative Procedure Act ("APA"). (ECF No. 1 at 13.) Petitioner argues that there was no

evidence at the time of his arrest that his situation had changed. (*Id.*) However, as explained above, Petitioner has a final order of removal, and Respondents are taking steps to effect his removal. Based on the final order of removal, Respondents have the authority to remove Petitioner, and his current post-removal-order detention is neither arbitrary nor capricious. *See.Nguyen v. Soto*, No. 26-1557, 2026 WL 892529 (D.N.J. Apr. 1, 2026), citing *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579 (2022). As such, Petitioner's Petition is denied without prejudice.

## IV.     CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **DENIED** *without prejudice*. Additionally, Respondents' and Petitioner's Motions to Seal (ECF Nos. 12, 13) are **GRANTED**. An appropriate Order accompanies this Opinion.

**DATED**: 6/10/2026

**JULIEN XAVIER NEALS**
**United States District Judge**

6